■ VINCENT J. BARATTA, Appellant, v FLASHNER MEDICAL PARTNERSHIP et al., Respondents. [756 NYS2d 455] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered February 21, 2001, as, upon so much of an order of the same court, dated December 14, 2000, as granted those branches of the separate cross motions of the defendant Flashner Medical Partnership and the defendants NYLCare Health Plan, Inc., NYLCare Health Plan of New York, Inc., and New York Life Insurance Company, which were for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants met their burden of establishing their entitlement to judgment as a matter of law by demonstrating that the contractual provision that the plaintiff sought to enforce was illegal and unenforceable in light of 42 USC § 1320a-7b (b) (1) (A) (see *Blum v Drucker,* 240 AD2d 609 [1997]; *Nursing Home Consultants v Quantum Health Servs.,* 926 F Supp 835 [1996], *affd* 112 F3d 513 [1997]). Since the plaintiff, in opposition, failed to raise a triable issue of fact as to whether the contractual provision was outside the "extremely broad scope" of this statute (*Nursing Home Consultants v Quantum Health Servs., supra* at 843), summary judgment in favor of the defendants was properly granted.

In light of the foregoing, we need not reach the parties' remaining contentions. Santucci, J.P., Feuerstein, Smith and Luciano, JJ., concur.